IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE R. PEDRAZA INDIVIDUALLY AND D/B/A JRP INTERNATIONAL, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 7:17-CV-365 |
| HAMILTON SPECIALTY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, JILL ASHWORTH AND JASON HODGE, | § § § § § | |
| Defendants. | § § | |

## DEFENDANT HAMILTON SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Respectfully submitted,

By: /s/ Stephen R. Wedemeyer
    Stephen R. Wedemeyer
    State Bar No. 00794832
    **WINSTEAD PC**
    600 Travis, Suite 1100
    Houston, Texas 77002-2900
    Telephone:  (713) 650-8400
    Facsimile:  (713) 650-2400
    Email:  swedemeyer@winstead.com

**ATTORNEYS FOR DEFENDANT HAMILTON SPECIALTY INSURANCE COMPANY**

OF COUNSEL:

**Amparo Yanez Guerra**
Texas Bar No. 24037751
ayguerra@winstead.com
1100 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
Tel:  (713) 650-8400
Fax:  (713) 650-2400

## CERTIFICATE OF SERVICE

I hereby certify that in compliance with Rule 5 of the Federal Rules of Civil Procedure, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system on September 22, 2017. Notice of this filing will be sent to opposing counsel, by operation for the Court's electronic filing system and via e-mail:

Thomas M. Furlow                                                    *Via Electronic Service*
FURLOW LAW FIRM, PLLC
1032 Central Parkway South
San Antonio, Texas 78232
Tel: (210) 910-4501
Fax: (210) 910-4513
Email: tfurlow@furlowlawfirm.com


By:     */s/ Stephen R. Wedemeyer*
        Stephen R. Wedemeyer

## TABLE OF CONTENTS

Page

I. BACKGROUND ........................................................................................... 1

II. BASIS FOR REMOVAL ............................................................................... 2

A. Removal is Proper Because Complete Diversity of Citizenship Exists
Between Plaintiff and Defendants Hamilton and EMA ............................... 2

(1) Plaintiff improperly joined Ashworth and Hodge as Defendants to
defeat this court's diversity jurisdiction. .................................... 3

(2) The sparse and conclusory allegations in Plaintiff's Petition fail to
establish a reasonable possibility of recovery against Ashworth
and/or Hodge. .......................................................................... 4

(3) Neither Ashworth nor Hodge can be held liable for alleged
violations under the facts alleged in Plaintiff's Petition. .............. 6

(4) Ashworth and Hodge cannot be held liable for alleged violations of
Texas Insurance Code § 541.061 under the facts alleged in
Plaintiff's Petition. ................................................................... 8

(5) Neither Ashworth nor Hodge can be held liable for alleged
violations of Chapter 542 of the Texas Insurance Code. ............... 9

(6) Plaintiff's DTPA claims against Ashworth and Hodge do not
satisfy the relevant pleading requirements. ................................ 10

(7) Plaintiff had no contract with Ashworth or Hodge. ..................... 11

(8) Plaintiff's common law claims against Ashworth and Hodge are
not cognizable under Texas law. ............................................... 11

(9) Plaintiff cannot recover punitive damages from Ashworth or
Hodge. .................................................................................. 12

B. Removal is Proper Because Plaintiff's Claimed Damages Exceed This
Court's Jurisdictional Threshold of $75,000. .......................................... 13

III. CONCLUSION ........................................................................................... 13

IV. APPENDIX ................................................................................................. 15

# TABLE OF AUTHORITIES

Page

CASES

*Aguilar v. State Farm Lloyds,*
    No. 4:15-CV-565-A, 2015 WL 5714654 (N.D. Tex. Sept. 28, 2015)
    (McBryde, J.) ...................................................................................................7

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009).......................................................................................4, 5

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)............................................................................................4

*Berry v. Indianapolis Life Ins. Co.,*
    608 F.Supp.2d 785 (N.D. Tex. 2009) ..............................................................10

*Blanchard v. State Farm Lloyds,*
    206 F. Supp. 2d 840 (S.D. Tex. 2001) (Rosenthal, J.)......................................7

*Columbia Mut. Ins. Co. v. Cedar Rock Lodge, LLC,*
    1:15-CV-111-P-BL, 2016 U.S. Dist. LEXIS 34275, 2016 WL 1073051, at *4
    (N.D. Tex. Feb. 3, 2016), *report and recommendation adopted,* 1:15-CV-
    0111-P-BL, 2016 U.S. Dist. LEXIS 34828, 2016 WL 1059677 (N.D. Tex.
    Mar. 17, 2016) .................................................................................................10

*Frisby v. Lumbermens Mut. Cas. Co.,*
    Civ. A. No. H-07-015, 2007 U.S. Dist. LEXIS 60654, 2007 WL 2300331
    (S.D. Tex. Feb. 20, 2007) (Miller, J.) ...............................................................5

*Griggs v. State Farm Lloyds,*
    181 F.3d 694 (5th Cir. 1999) .............................................................................5

*Guillory v. PPG Indus., Inc.,*
    434 F.3d 303 (5th Cir. 2005) .............................................................................3

*Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.,*
    818 F.3d 193 (5th Cir. 2016) .............................................................................4

*Jernigan v. Ashland Oil, Inc.,*
    989 F.2d 812 (5th Cir.1993) ..............................................................................1

*Jimenez v. Travelers Indem. Co.,*
    Civ. A. No. H-09-1308, 2010 U.S. Dist. LEXIS 28615, 2010 WL 1257802
    (S.D. Tex. Mar. 25, 2010) (Harmon, J.) ............................................................5

*Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*,
   Civ. A. No. H-09-1728, 2009 U.S. Dist. LEXIS 99854, 2009 WL 3602043
   (S.D. Tex. Oct. 27, 2009) ........................................................................................5

*Lanier v. Salas*,
   777 F.2d 321 (5th Cir. 1985) ...............................................................................12

*Lopez v. United Prop. & Cas. Ins. Co.*,
   197 F.Supp.3d 944 (S.D. Tex. 2016) ..........................................................3, 7, 9, 10

*Mainali Corp. v. Covington Specialty Ins. Co.*,
   No. 3:15-CV-1087-D, 2015 WL 5098047 (N.D. Tex. Aug. 31, 2015)
   (Fitzwater, J.) .........................................................................................................8, 9

*Marquez v. Allstate Tex. Lloyds*,
   No. H-13-3644, 2014 U.S. Dist. LEXIS 23081 (S.D. Tex. Feb. 24, 2014) .........................5, 7

*McKee v. Kan. City S. Ry. Co.*,
   358 F.3d 329 (5th Cir. 2004) ...................................................................................3

*Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*,
   No. 3:15-CV-3741-D, 2016 WL 931217 (N.D. Tex. Mar. 11, 2016) ........................9

*Messersmith v. Nationwide Mut. Fire Ins. Co.*,
   10 F.Supp.3d 721 (N.D. Tex. 2014) (Solis, J.) .......................................................7, 8, 9

*Michels v. Safeco Ins. Co. of Indiana*,
   No. 13-50321, 544 Fed. Appx. 535 (5th Cir. Nov. 6, 2013)...............................3, 11

*Mumfrey v. CVS Pharm., Inc.*,
   719 F.3d 392 (5th Cir. 2013) ...............................................................................3, 10

*Natividad v. Alexsis, Inc.*,
   875 S.W.2d 695 (Tex. 1994)..................................................................................12, 13

*Omni USA, Inc. v. Parker-Hannifin Corp.*,
   798 F.Supp.2d 831 (S.D. Tex. 2011) .....................................................................10

*Papasan v. Allian*,
   478 U.S. 265 (1986)..................................................................................................4

*Patel v. Acceptance Indem. Ins. Company*,
   No. 4:15-CV-944-A, 2016 WL 361680 (N.D. Tex. Jan 28, 2016) (McBryde,
   J.)................................................................................................................................5

*R2 Invs. LDC v. Phillips*,
   401 F.3d 638 (5th Cir. 2005) ...................................................................................4

*Ross v. Citifinancial, Inc.*,
    344 F.3d 458 (5th Cir. 2003) ......................................................................................3, 11

*Smallwood v. Ill. Cent. R.R. Co.*,
    385 F.3d 568 (5th Cir. 2004) ...........................................................................................3

*Sulzer Carbomedics, Inc. v. Oregon Cardio-Devices, Inc.*,
    257 F.3d 449 (5th Cir. 2001) .....................................................................................12, 13

*TAJ Properties, LLC v. Zurich Am. Ins. Co.*,
    Civ. A. No. H-10-2512, 2010 U.S. Dist. LEXIS 125357, 2010 WL 4923473
    (S.D. Tex. Nov. 29, 2010).................................................................................................5

*United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*,
    125 F.3d 899 (5th Cir. 1997) .........................................................................................10

*United Services Auto. Ass'n v. Pennington*,
    810 S.W.2d 777 (Tex. App. San Antonio 1991, writ denied) ..................................12, 13

*Weber Paradise Apartments, LP v. Lexington Ins. Co*,
    2013 WL 2255256 (N.D. Tex. May 23, 2013) (Lindsay, J.) ...........................................5

*Williams v. Bell Helicopter Textron, Inc.*,
    417 F.3d 450 (5th Cir. 2005) .........................................................................................10

**STATUTES AND RULES**

28 U.S.C. § 1332....................................................................................................................1, 2

28 U.S.C. § 1441....................................................................................................................1, 2

28 U.S.C. § 1446.............................................................................................................1, 13, 14

FED. R. CIV. P. 7.1....................................................................................................................14

FED. R. CIV. P. 9(b)............................................................................................................10, 12

FED. R. CIV. P. 12(b)(6).............................................................................................................3, 4

TEX. BUS. & COM. CODE § 17.46(b)..........................................................................................6, 10

TEX. INS. CODE § 541.060(a)...............................................................................................6, 7, 8, 9

TEX. INS. CODE § 541.061.............................................................................................................8

TEX. INS. CODE §542.003.......................................................................................................6, 7, 9

TEX. INS. CODE § 542.052.............................................................................................................9

TEX. INS. CODE § 542.060.................................................................................................................9

## OTHER AUTHORITIES

5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216 (3d ed. 2004) .................................................................................................................4

## <u>DEFENDANT HAMILTON SPECIALTY INSURANCE COMPANY'S</u>
## <u>NOTICE OF REMOVAL</u>

Defendant Hamilton Specialty Insurance Company ("Hamilton") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof shows the Court as follows:

## I.     <u>BACKGROUND</u>

1.     Plaintiff Jose R. Pedraza d/b/a JRP International ("Pedraza" or "Plaintiff") commenced this lawsuit on August 18, 2017 by filing "Plaintiff's Original Petition, Demand for Jury, and Written Discovery to Defendant [sic]" in the 275th Judicial District Court of Hidalgo County, Texas, bearing Cause No. C-3825-17-E (the "State Court Action").

2.     Plaintiff's Petition names Hamilton, Engle Martin & Associates, Inc. ("EMA"), Jill Ashworth ("Ashworth"), and Jason Hodge ("Hodge") as defendants.

3.     Plaintiff served Hamilton with Plaintiff's Original Petition by serving the Texas Commissioner of Insurance via certified mail, return receipt requested on August 24, 2017.

4.     Therefore, Defendant's removal is timely filed within 30 days of service of the initial pleading filed in this matter. 28 U.S.C. § 1446(b)(2)(B).

5.     EMA has not been served with service of process as of the filing of this Notice of Removal; therefore, consent to removal from EMA is not required.[1]

6.     Ashworth and Hodge have not been served with service of process; however, Ashworth and Hodge need not consent to removal because they have been improperly joined as defendants in this lawsuit.[2]

---

[1]     *See* 28 U.S.C. § 1446(b)(2)(A) (requiring joinder or consent to removal by all "properly joined ***and served***" defendants) (emphasis added).

[2]     *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir.1993).

## II.    BASIS FOR REMOVAL

7.     Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District and this division.

8.     Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees.  These two conditions are satisfied in this matter.

**A.    Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Defendants Hamilton and EMA.**

9.     Plaintiff Jose R. Pedraza d/b/a JRP International is a resident of Hidalgo County, Texas.

10.    Defendant Hamilton Specialty Insurance Company is an insurance company incorporated in the State of Delaware with its principal place of business in Princeton, New Jersey.  Hamilton is thus a citizen of Delaware and New Jersey for diversity jurisdiction purposes.

11.    Defendant EMA is a corporation organized under the laws of the State of Georgia with its principal place of business in Atlanta, Georgia.  EMA is thus citizen of Georgia for diversity jurisdiction purposes.

12.    Jill Ashworth and Jason Hodge are residents of the State of Texas and have been improperly joined as defendants in this action to defeat this Court's diversity jurisdiction.  There is no possibility that Plaintiff will be able to establish a cause of action against Ashworth or Hodge in this lawsuit.

13.    Because Ashworth and Hodge were improperly joined as defendants in this action, their citizenship should be disregarded for jurisdictional purposes, and complete diversity

of citizenship exists between Plaintiff and Hamilton and EMA (now and on the date Plaintiff filed this lawsuit).

      *(1)*      *Plaintiff improperly joined Ashworth and Hodge as Defendants to defeat this court's diversity jurisdiction.*

    14.    Improper joinder is established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[3]   Under this second approach, which applies here, a defendant claiming improper joinder must show "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[4]

    15.    When evaluating a plaintiff's reasonable possibility of recovery, the Court may conduct a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.[5] At this stage, the Court "do[es] not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look[s] only for a possibility that the plaintiff might do so."[6]   And, if the plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim.[7]   This

---

[3]   *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003); *Michels v. Safeco Ins. Co. of Indiana*, No. 13-50321, 544 Fed. Appx. 535, 538 (5th Cir. Nov. 6, 2013) (quoting *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004)) (emphasis in original); *see also, Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392 (5th Cir. 2013).

[4]   *Michels*, 544 Fed. Appx. at 538 (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

[5]   *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F.Supp.3d 944, 948 (S.D. Tex. 2016) (citation omitted).

[6]   *Id.* (quoting *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005)).

[7]   *Michels*, 544 Fed. Appx. at 538-39.

analysis "necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly,* [550 U.S. 544 (2007)]."[8]

16.   Under a Rule 12(b)(6) analysis, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions.[9]  "Factual allegations must be enough to raise a right to relief above the speculative level."[10]  Importantly, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.[11]  Indeed, as the United States Supreme Court has stated, a pleading offering only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" is not sufficient and must be dismissed.[12]  Finally, to pass muster under a Rule 12(b)(6) analysis, the factual allegations in a petition must state a claim for relief that is plausible on its face.[13] Plausibility requires more than a mere possibility; it calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of actionable misconduct.[14]

   *(2)*   ***The sparse and conclusory allegations in Plaintiff's Petition fail to establish a reasonable possibility of recovery against Ashworth and/or Hodge.***

17.   Under this standard, it is clear that Plaintiff's Petition fails to establish a reasonable possibility of recovery against either Ashworth or Hodge.  Indeed, rather than

---

[8]   *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.,* 818 F.3d 193, 200 (5th Cir. 2016).

[9]   *See Papasan v. Allian,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

[10]   *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

[11]   *R2 Invs. LDC v. Phillips,* 401 F.3d 638, 642 (5th Cir. 2005).

[12]   *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

[13]   *See Twombly,* 550 U.S. at 565.

[14]   *See id.*

alleging specific facts against Ashworth or Hodge which (if established) would lead to individual liability, Plaintiff has articulated only non-specific and conclusory allegations against Ashworth and Hodge together with near-verbatim quotations of statutory provisions that Plaintiff contends Ashworth and Hodge violated.[15]  These "naked assertions devoid of further factual enhancement" fall fatally short of establishing a viable cause of action against Ashworth and Hodge under Texas law.[16]

---

[15]  *See* Plaintiff's Petition at ¶¶VI-VIII.

[16]  *Ashcroft,* 556 U.S. at 678 (2009); *see also See Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999); *Marquez v. Allstate Tex. Lloyds,* No. H-13-3644, 2014 U.S. Dist. LEXIS 23081, at *4 (S.D. Tex. Feb. 24, 2014) ("Plaintiff serially alleges in conclusory language violations of numerous sections of the Texas Insurance Code, but does not allege which of the broadly alleged misconduct of "Defendants" is attributable specifically to [the adjuster].  These allegations are not sufficient to establish a reasonable basis for predicting that Texas law might impose liability on [the adjuster].") (citing *Griggs,* 181 F.3d at 699; *TAJ Properties, LLC v. Zurich Am. Ins. Co.,* Civ. A. No. H-10-2512, 2010 U.S. Dist. LEXIS 125357, 2010 WL 4923473, at *4 (S.D. Tex. Nov. 29, 2010) ("Allegations merely asserted against 'Defendants,' without alleging what facts are attributed to the adjuster individually as opposed to the insurance company, do not provide a reasonable basis for recovering from the adjuster.")); *See also Jimenez v. Travelers Indem. Co.,* Civ. A. No. H-09-1308, 2010 U.S. Dist. LEXIS 28615, 2010 WL 1257802, at *6 (S.D. Tex. Mar. 25, 2010) (Harmon, J.) (denying motion to remand where "Plaintiffs have failed to allege any specific facts demonstrating actionable conduct against [the adjuster], no less against her in her role as an alleged adjuster liable under Texas law, nor to differentiate between the conduct of the two Defendants."); *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.,* Civ. A. No. H-09-1728, 2009 U.S. Dist. LEXIS 99854, 2009 WL 3602043, at * 3 (S.D. Tex. Oct. 27, 2009) (finding fraudulent joinder in part because petition "fail[ed] to allege facts illustrating what actions are attributable to [the adjuster] individually"); *Frisby v. Lumbermens Mut. Cas. Co.,* Civ. A. No. H-07-015, 2007 U.S. Dist. LEXIS 60654, 2007 WL 2300331, at *4 (S.D. Tex. Feb. 20, 2007) (Miller, J.) (petition alleging violations of the Insurance Code by both the insurer and the adjuster "[did] not sufficiently separate those actions attributable to [the insurance company] from those of the [adjuster]."); *Patel v. Acceptance Indem. Ins. Company,* No. 4:15-CV-944-A, 2016 WL 361680, at *3 (N.D. Tex. Jan 28, 2016) (McBryde, J.) (holding that similar allegations against in-state adjuster "[were] nothing more than mere conclusions," thus making the plaintiff's lawsuit "but another in a long line of cases in which attorneys for an insured-plaintiff joined as a defendant in a lawsuit filed against an insurance company to recover policy benefits the insurance adjuster or another representative of the insurance company in an effort to avoid removal of the case from state court to federal court"); *Weber Paradise Apartments, LP v. Lexington Ins. Co,* 2013 WL 2255256, at *8 (N.D. Tex. May 23, 2013) (Lindsay, J.) (quoting *Griggs ,* 181 F.3d at 701 ("The mere recitation or paraphrasing of statutory provisions, absent at least a modicum of specificity, fails to meet Texas's 'fair notice' pleading standard.  '[W]hether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery.'").

    *(3)*    ***Neither Ashworth nor Hodge can be held liable for alleged violations under the facts alleged in Plaintiff's Petition.***

18.    In addition to being hopelessly vague, Plaintiff's allegations against Ashworth and Hodge fail for yet another reason:  The courts of this District have repeatedly held that adjusters - like Ashworth and Hodge - cannot be held liable on the claims asserted in Plaintiff's Petition.  Plaintiff's Petition alleges (in collective and conclusory fashion) that Hamilton, EMA, Ashworth, and Hodge committed the following statutory and common law violations:

- Texas Insurance Code Section 542.003(b)(4) – not attempting in good faith to effectuate a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear;
- Texas Insurance Code Section 541.060(a)(7) - refusing to pay a claim without conducting a reasonable investigation;
- Texas Insurance Code § 541.060(a)(1) – misrepresentation of the terms of the policy or other facts;
- Texas Deceptive Trade Practices Act (TEXAS BUS. & COM. CODE § 17.46(b)(5)) – representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which they do not;
- Texas Business & Commerce Code § 17.46(b)(7) - representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;
- Texas Business & Commerce Code § 17.46(b)(12) - representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;
- Texas Business & Commerce Code § 17.46(b)(24) - failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;
- Texas common law – failing to handle or process the claim in good faith, refusing to fully pay a claim without a reasonable basis, delaying full payment of a claim without a reasonable basis, denying and/or delaying payment of a claim in full without determining whether there is a reasonable basis to do so; and
- Committing a course of unconscionable conduct.[17]

---

[17]  *See* Plaintiff's Petition at ¶VIII.

However, as discussed in more detail below, the courts of this District have repeatedly found these types of allegations insufficient to support an independent cause of action against adjusters like Ashworth and Hodge.[18]

19.     Texas law permits claims adjusters to be held individually liable for violations of the Texas Insurance Code.[19] "But for an adjuster to be held individually liable, [she] must have committed some act that is prohibited by the [Code], not just be connected to an insurance company's denial of coverage."[20]

20.     This is true of Plaintiff's contention that Ashworth and Hodge violated the Texas Insurance Code by "not attempting in good faith to effectuate a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear"[21] - a Section of the Texas Insurance Code under which the courts have held adjusters cannot be held liable.[22] Plaintiff's Petition thus fails to state a claim against Ashworth and Hodge for purported violations of Section 542.003(b)(4).

---

[18]   *See, e.g.* n. 15 *supra.*

[19]   *Marquez,* 2014 U.S. Dist. LEXIS 23081, at *4 (citing *Blanchard v. State Farm Lloyds,* 206 F. Supp. 2d 840, 846-47 (S.D. Tex. 2001) (Rosenthal, J.) (holding that insurance adjuster who handled claim may be personally liable for his deceptive acts or practices under the Texas Insurance Code); *Messersmith v. Nationwide Mut. Fire Ins. Co.,* 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.).

[20]   *Messersmith,* 10 F. Supp.3d at 724 ("[E]ven though an adjuster is a 'person' [against whom claims may be asserted] under the Insurance Code, an adjuster cannot be held liable for violation of the Code unless he causes an injury distinguishable from the insurer's actions."); *Aguilar v. State Farm Lloyds,* No. 4:15-CV-565-A, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) (McBryde, J.) ("In other words, the adjuster must have committed some act prohibited by the statute, not just be connected to an insurance company's denial of coverage. And post-loss statements regarding coverage are not misrepresentations under the Insurance Code.") (citations omitted).

[21]   *See* Plaintiff's Petition at ¶VIII.

[22]   *Lopez,* 197 F. Supp.3d at 951 (citing Texas Insurance Code §542.003, and Texas case law indicating, "'Chapter 542 only applies to specifically listed 'insurers'")(citations omitted); *Messersmith,* 10 F.Supp.3d at 723 (noting the Prompt Payment of Claims Act (Chapter 542) only applies to insurers).

21.     Plaintiff is also prohibited from recovering against either Ashworth or Hodge under Texas Insurance Code § 541.060(a)(7), which provides for potential liability against an insurer who "refus[es] to pay a claim without conducting a reasonable investigation with respect to that claim."[23]  As the courts have recognized:

> Like § 541.060(a)(2), the bad behavior that [§ 541.060(a)(7)] targets is an insurer's refusal to pay under certain circumstances. Those who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation.[24]

Plaintiff's Petition thus falls short of establishing a possibility of recovery against either Ashworth or Hodge under Section 541.060(a)(7) of the Texas Insurance Code.

**(4)   *Ashworth and Hodge cannot be held liable for alleged violations of Texas Insurance Code § 541.061 under the facts alleged in Plaintiff's Petition.***

22.     Plaintiff's claims against Ashworth and Hodge under Texas Insurance Code §§ 541.060(a)(1) likewise fail.  With respect to this statutory provision, Plaintiff merely alleges "they misrepresented the terms of the policy or other facts."[25]  Elsewhere in the Petition, Plaintiff contends Ashworth and Hodge:

> misrepresented the policy provision in correspondence to the insured in order to misinform Plaintiff and reduce his understanding of his rights under the policy below what was actually covered by the policy.  Exclusionary language clearly inapplicable to the loss or claim was cited by [] Ashworth and [] Hodge in order to convince Plaintiff his loss was not covered in whole or in part, when in fact it was a covered loss.[26]

---

[23]   TEX. INS. CODE § 541.060(a)(7).

[24]   *Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-CV-1087-D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.) (quoting *Messersmith*, 10 F.Supp.3d at 725) (internal brackets omitted).

[25]   Plaintiff's Petition at ¶VIII.

[26]   *See* Plaintiff's Petition at ¶IV.

These allegations do not specify what "correspondence" or what "exclusionary language" to which they refer. Interestingly, Plaintiff's counsel has used the exact same above-quoted language (other than the adjusters' names) in at least one other recent Petition filed on behalf of an insured.[27] Plaintiff's boilerplate allegations do not suffice to state a viable claim under Texas law. In fact, as Texas courts have concluded, these vague allegations are too conclusory to provide the Court with a reasonable basis to predict that Plaintiff can recover against Ashworth or Hodge under Section 541.060(a)(1).[28] In short, Plaintiff's allegations set forth only a theoretical possibility that Ashworth or Hodge could be held liable under these sections and, therefore, fail to state a claim under Section 541.060(a)(1).[29]

> **(5)   *Neither Ashworth nor Hodge can be held liable for alleged violations of Chapter 542 of the Texas Insurance Code.***

23.    Plaintiff also misses the mark with his claim under Chapter 542 of the Texas Insurance Code - *i.e.,* Texas' Prompt Payment of Claims Act. Plaintiff's Petition seeks recovery from Ashworth and Hodge under Section 542.060 of the Texas Insurance Code for alleged violations of Sections 542.003(b)(4).[30] However, as the courts have aptly noted, "the Prompt Payment of Claims Act applies only to insurers"[31] - not individual adjusters like Ashworth and

---

[27]   *See* Exhibit 1-A ("Plaintiff's Original Petition, Demand for Jury, and Written Discovery to Defendant" filed on behalf of R.C. Management, Inc., which is essentially identical to Plaintiff's Petition in this case.)

[28]   *See Messersmith,* 10 F.Supp.3d at 724 (noting that to support a Section 541.060(a)(1) claim, the adjuster "would have had to represent that [the insured] 'would receive a particular kind of policy that it did not receive' or 'denied coverage against loss under specific circumstances that it previously had represented would be covered.'").

[29]   *See Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.,* No. 3:15-CV-3741-D, 2016 WL 931217, at *5 (N.D. Tex. Mar. 11, 2016); *Mainali Corp.,* 2015 WL 5098047, at *5 (holding that pleadings must show more than a "mere theoretical possibility of recovery")(citation omitted).

[30]   *See* Plaintiff's Petition at ¶ VIII.

[31]   *Messersmith,* 10 F.Supp.3d at 723 (N.D. Tex. 2014); Tex. Ins. Code § 542.052; *Lopez,* 197 F. Supp.3d at 951 (noting that "at least one Texas Court of Appeals has held that this section applies only to insurers and not to adjusters.") (citation omitted).

Hodge.  As a result, Plaintiff's Petition fails to establish a reasonable probability of recovery from either Ashworth or Hodge under any section of Chapter 542.

        *(6)*     ***Plaintiff's DTPA claims against Ashworth and Hodge do not satisfy the relevant pleading requirements.***

      24.    Plaintiff alleges in a boilerplate and conclusory fashion that all Defendants, including Ashworth and Hodge, violated various provisions of the Texas Deceptive Trade Practices Act, including Texas Business and Commerce Code Sections 17.46(b)(5), (b)(7), (b)(12), and (b)(24).[32]  "In federal court, claims under the Texas Deceptive Trade Practices Act are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b)."[33] Therefore, Plaintiff must plead the "'who, what, when, where, and how' of the fraud."[34] Plaintiff's allegations in this case are woefully inadequate in this regard, and therefore, fail to satisfy the applicable standards for pleading such claims.[35]  Thus, Plaintiff cannot establish a cause of action under the DTPA against Ashworth and Hodge thereby making their joinder in this lawsuit improper.[36]

---

[32]   *See* Plaintiff's Petition at ¶VIII.

[33]   *Lopez*, 197 F.Supp.3d at 951 (citing *Omni USA, Inc. v. Parker-Hannifin Corp.*, 798 F.Supp.2d 831, 836 (S.D. Tex. 2011); *Berry v. Indianapolis Life Ins. Co.*, 608 F.Supp.2d 785, 800 (N.D. Tex. 2009).

[34]   *Id.* at 951-52 (citing *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

[35]   *Id.* at 952 (citing *Columbia Mut. Ins. Co. v. Cedar Rock Lodge, LLC*, 1:15-CV-111-P-BL, 2016 U.S. Dist. LEXIS 34275, 2016 WL 1073051, at *4 (N.D. Tex. Feb. 3, 2016), *report and recommendation adopted*, 1:15-CV-0111-P-BL, 2016 U.S. Dist. LEXIS 34828, 2016 WL 1059677 (N.D. Tex. Mar. 17, 2016) (noting that "Cedar Rock fails to include any facts regarding time, place, and content of any false representation during Columbia's attempt to effectuate settlement of the insurance claim…This evidence will not suffice. Fraud claims, like this violation of the [Texas Insurance Code], must be pleaded with particularity.").

[36]   *Mumfrey v. CVS Pharm. Inc.*, 719 F.3d 392, 401 (5th Cir. 2013) (improper joinder is established by the "inability of the plaintiff to establish a cause of action against the non-diverse party").

### (7) *Plaintiff had no contract with Ashworth or Hodge.*

25.     Pedraza contends "Defendants [including Ashworth and Hodge], by its [sic] conduct, breached their contract of insurance with Plaintiff."[37]   This claim is necessarily not cognizable against Ashworth and Hodge because neither Ashworth nor Hodge is a party to the insurance policy/contract.   The insurance policy is issued by Hamilton to the insured, Pedraza. Interestingly, Pedraza recognizes this fact in his Petition: "Defendant, HAMILTON SPECIALTY INSURANCE COMPANY, is Plaintiff's building insurance company."[38]   Because neither Ashworth nor Hodge is a party to the insurance policy, there is no arguably reasonable basis for this Court to predict that Texas law might impose liability in favor of Pedraza against Ashworth or Hodge for breach of contract.[39]

### (8) *Plaintiff's common law claims against Ashworth and Hodge are not cognizable under Texas law.*

26.     Plaintiff's common law claims against Ashworth and Hodge all relate to claims handling.[40]   The Texas Supreme Court has long held that, "the non-delegable duty of good faith

---

[37]     *See* Plaintiff's Petition at ¶XI.

[38]     *See* Plaintiff's Petition at ¶IV (emphasis in original).

[39]     *See Ross*, 344 F.3d at 462 (citations omitted); *Michels*, 544 Fed. Appx. at 538 (citation omitted).

[40]     *See* Plaintiff's Petition at ¶VIII (listing the following "common law" violations: (1) failing to handle or process the claim in good faith; (2) committing a course of unconscionable conduct; (3) refusing to fully pay a claim without a reasonable basis; (4) delaying full payment of a claim without a reasonable basis; (5) denying and/or delaying payment of a claim in full without determining whether there is a reasonable basis to do so); ¶IX (alleging all Defendants conduct was "negligent and tortuous [sic]" and "constituted negligent misrepresentation of fact, or actionable fraud."); ¶IV (alleging Ashworth and Hodge "conducted a substandard investigation which is evident in the estimate provided and correspondence from Defendants to Plaintiff..."; they "spent an inadequate amount of time at the subject property, [t]he scope of the damage was unreasonably limited.   As a result, it is evident from his report that they failed to include many of Plaintiff's covered damages which would have been apparent upon proper inspection.   Despite obvious storm damage to various portions of the building, [Ashworth and Hodge] improperly denied policy benefits by minimizing scope and improperly denying causation.   [Ashworth and Hodge] misrepresented to Plaintiff that such damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.").

and fair dealing is owed by an insurance carrier to its insureds due the nature of the contract between them giving rise to a 'special relationship.' An insurance carrier, not it agents and contractors providing claims handling services, is liable to the insured for actions by the agents or contractors that breach the duty of good faith and fair dealing owed by the carrier to the insured."[41] Moreover, there is no cause of action for negligently handling a claim.[42] Because the law in Texas is clear that insurance adjusters as contractors of the insurance company owe no duty of good faith and fair dealing to insureds or any other common law tort duty related to claims handling, Plaintiff's causes of action against Ashworth and Hodge for breach of the duty of good faith and fair dealing, as well as common law torts, necessarily fail as a matter of law.[43]

### (9)    *Plaintiff cannot recover punitive damages from Ashworth or Hodge.*

27.     Plaintiff nevertheless seeks punitive damages from all Defendants, including Ashworth and Hodge for "conduct that was malicious and fraudulent."[44] This claim - like each of Plaintiff's other claims against Ashworth and Hodge - necessarily fails.

28.     Under Texas law, "an award of punitive damages is not a separate cause of action."[45] Further, an award of punitive damages is dependent on the liability verdict from

---

[41]  *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 696 (Tex. 1994) (reversing court of appeals judgment and holding that agents and contractors owe no duty of good faith and fair dealing to insured).

[42]  *United Services Auto. Ass'n v. Pennington*, 810 S.W.2d 777, 783 (Tex. App. San Antonio 1991, writ denied) (finding there is no cause of action for negligently handling a claim and explaining that, "Without the policy, USAA had no insured and no duty to defend.  No legal duty of adhering to the contract terms has been imposed by law.").

[43]  For the same reasons Plaintiff's DTPA, Insurance Code (misrepresentation), and common law tort claims fail, Plaintiff's fraud claim is inadequate to meet Federal Rule of Civil Procedure 9(b)'s pleading requirements because it is alleged in entirely vague and conclusory fashion.

[44]  Plaintiff's Petition at ¶XII.

[45]  *Sulzer Carbomedics, Inc. v. Oregon Cardio-Devices, Inc.*, 257 F.3d 449, 461 (5th Cir. 2001) (citing *Lanier v. Salas,* 777 F.2d 321, 325 (5th Cir. 1985)).

which the award of compensatory damages arises.[46]   Therefore, because Plaintiff has not and cannot allege cognizable common law tort claims against Ashworth or Hodge, Plaintiff has no reasonable basis for recovery of punitive damages against Ashworth or Hodge.[47]

**B.**   **Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

29.   Although Plaintiff does not specify the amount of damages in his Petition, Plaintiff's counsel's latest demand letter shows that the amount in controversy is far greater than $75,000.[48]   Therefore, the jurisdiction threshold of $75,000 is met and removal is proper.

### III.   CONCLUSION

30.   Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Hidalgo County, Texas promptly after the filing of this Notice.

31.   As required by 28 U.S.C. § 1446(a), and Local Rule 81, a copy of each of the following are attached to (or filed with) this Notice:

     a.   All executed process in the case;

     b.   Pleadings asserting causes of action (Plaintiff's Original Petition, Demand for Jury, and Written Discovery to Defendant);

     c.   All orders signed by the state judge (none);

     d.   The docket sheet;

     e.   An index of matters being filed;

---

[46]   *Id.* (citation omitted).

[47]   *Natividad*, 875 S.W.2d at 696; *United Services Auto. Ass'n*, 810 S.W.2d at 783 (both cited *supra*).

[48]   *See* Exhibit 1-B (Demand letter dated July 26, 2017 (without estimate attached) demanding $1,059,397.59, including $745,926.85 in Building and Contents Damages).

      f.      A list of all counsel of record, including addresses, telephone numbers and parties represented; and

      g.     a separately signed disclosure that complies with Federal Rule of Civil Procedure 7.1.

32.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

WHEREFORE, Defendant Hamilton Specialty Insurance Company requests that this action be removed from the 275th Judicial District Court of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division, and that this Court enter such further orders as may be necessary and appropriate.

14

# APPENDIX

**Tab**

**Exhibits**

Exhibit 1 - Affidavit of Amparo Yanez Guerra ....................................................................1
    Affidavit Exhibit 1-A ..................................................................................... 1-A
    Affidavit Exhibit 1-B ........................................................................................1-B

Exhibit A – Index of Documents Filed With Notice of Removal ...................................A

Exhibit B – State Court Docket Sheet ..........................................................................B

Exhibit C – Index of Documents Filed in State Court.....................................................C
    Exhibit C-1 – Plaintiff's Original Petition.............................................................C-1
    Exhibit C-2 – Civil Case Information Sheet.........................................................C-2
    Exhibit C-3 – Letter Issuing Citations by Certified Mail ...................................C-3
    Exhibit C-4 – Defendant Hamilton Specialty Insurance Company's Original Answer ........C-4
    Exhibit C-5 – Letter from Texas Department of Insurance ................................C-5

Exhibit D – List of All Counsel of Record ....................................................................D