UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE R. PEDRAZA INDIVIDUALLY | § | |
| AND D/B/A JRP INTERNATIONAL | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:17-CV-00365 |
| | § | |
| HAMILTON SPECIALTY | § | |
| INSURANCE COMPANY, ENGLE | § | |
| MARTIN & ASSOCIATES, JILL | § | |
| ASHWORTH AND JASON HODGE | § | |

### PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, JOSE R. PEDRAZA INDIVIDUALLY AND D/B/A JRP INTERNATIONAL hereinafter called "Plaintiff," complaining of HAMILTON SPECIALY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, JILL ASHWORTH AND JASON HODGE, hereinafter called "Defendants," and for cause of action would respectfully show unto the Court the following:

## I.    PARTIES

1.1 Plaintiff filed suit in State Court in Hidalgo County and encountered difficulties obtaining service on Defendant Engle Martin & Associates described below.  While attempts at service were ongoing, Defendant Hamilton Specialty Insurance Company removed this matter to Federal Court, despite an absence of diversity of citizenship.  In order to obtain service on Engle Martin & Associates, Plaintiff is amending its complaint and serving same on counsel for Hamilton Specialty Insurance who has agreed to accept service.

1

1.2 Plaintiff is an individual residing in Hidalgo County, Texas.

1.3 Defendant, **HAMILTON SPECIALY INSURANCE COMPANY** is a Domestic corporation authorized to engage in the insurance business in the State of Texas, and has already made an appearance through its attorneys of record.

1.4 Defendant, **ENGLE MARTIN & ASSOCIATES** is a Domestic corporation authorized to engage in the insurance business in the State of Texas, Amparo Yanez Guerra has agreed to accept service at 1100 JP Morgan Chase Tower, 600 Travis Street, Houston, Texas 77002 on behalf of Engle Martin & Associates.

1.5 Defendant **JILL ASHWORTH** is an individual residing in and domiciled in the State of Texas. This Defendant may be served with personal process by certified mail, return receipt requested at his principal place of business at **17304 Preston Road, Ste. 740, Dallas, Texas 75252** or wherever he may be found.

1.6 Defendant **JASON HODGE** is an individual residing in and domiciled in the State of Texas. This Defendant may be served with personal process by certified mail, return receipt requested at his principal place of business at **6975 ST HWY 123 N, Stockdale, Texas 78160** or wherever he may be found.

## II.   <u>JURISDICTION</u>

2.1 Defendant removed this matter to Federal Court arguing this Honorable Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of difference U.S. states, and the amount in controversy exceeds $75,000.000, excluding interest and costs.

2.2 Plaintiff Jose R. Pedraza d/b/a JRP International is a resident of Hidalgo County, Texas.

2.3 Defendant Hamilton Specialty Insurance Company is an insurance company incorporated in the State of Delaware with its principal place of business in Princeton, New Jersey.  Hamilton is thus a citizen of Delaware and New Jersey for diversity jurisdiction purposes.

2.4 Defendant Engle Martin & Associates is a corporation organized under the laws of the State of Georgia with its principal place of business in Atlanta, Georgia. Engle Martin & Associates is thus a citizen of Georgia for jurisdiction purposes.

2.5 Jill Ashworth is a resident of Dallas County, Texas.

2.6 Jason Hodge is a resident of Wilson County, Texas.

### III.   VENUE

3.1 Venue is proper in this District under 28 U.S.C. §1441(a) because the state court where the action is pending is in this District and this Division.

### IV.   CONDITIONS PRECEDENT

4.1 All of the conditions precedent to bringing this suit under the policy and to the Defendant liability to the Plaintiff under the policy for the claims alleged have been performed or have occurred, or compliance with said notice is excused, or rendered impractical due to the approaching statute of limitations on this matter.

4.2 More than sixty days prior to the filing of this petition, written demand for payment and notice of complaint pursuant to the Texas Insurance Code, Chapter 541, et seq., was sent to the Defendant, or compliance with said notice is excused.  All notices and proofs of loss were timely and properly given in such manner as to fully comply with the terms and conditions of the relevant insurance policies and applicable law. Plaintiff complied with all terms and conditions of the policy, but his claim was nonetheless not paid in full. *Such*

*refusals to pay waive any further compliance with said policy by Plaintiff and leave him free*

*to sue for those benefits to which he is entitled that were denied or underpaid.*

4.3 In the alternative, Plaintiff alleges that as to any such terms, conditions, notices, or requirements, the Defendants waived them, the Defendants are estopped from asserting them, and/or the Plaintiff substantially complied with them.  Plaintiff makes the same allegations of waiver or estoppel as to every defense, condition, or exclusion pleaded by the Defendants, and as to each claim for breach of contract or statutory violation as to said Defendants.

## V.    FACTS

5.1 Defendant, HAMILTON SPECIALY INSURANCE COMPANY, is Plaintiff's building insurance company. The actions set forth in this complaint were committed by the Defendant, and/or its actual or apparent agents. Plaintiff owns a building located at **1910 S. 10th Street, Hidalgo, Texas 78557.** Defendant provided coverage to the Plaintiff under a Commercial Property Policy, for such building, business personal property, and other items under the insurance policies described above. During the term of said policy, Plaintiff sustained covered losses in the form of storm damage, including but not limited to damage from wind and/or hail and structural and water damages resulting therefrom.  Plaintiff promptly and timely and properly reported same to Defendant pursuant to the terms of the insurance policy. Plaintiff gave timely notice of the facts of loss and Defendant assigned claim number **MBSO52616 for date of loss 05/31/2016.**  A documented severe wind/hail storm passed through the location of the subject property on said date.

5.2 Defendant HAMILTON SPECIALY INSURANCE COMPANY hired ENGLE MARTIN & ASSOCIATES as the third-party administrator to manage and adjust the claim. ENGLE MARTIN & ASSOCIATES assigned Defendants JILL ASHWORTH AND JASON HODGE as the individual adjusters on the claim.  JILL ASHWORTH AND JASON HODGE and those working at their direction conducted a substandard investigation which is evident in the estimate provided and correspondence from Defendants to Plaintiff.

5.3 Defendants investigated and initially found an amount due under the policy which was paid.  Plaintiffs  retained the services of a public adjuster and thereafter Defendant re-inspected the property and increased the amount they conceded they owed significantly. This is evidence of the piecemeal manner in which the claim was adjusted in order to underpay and lower the expectations of the insured.   Defendants misrepresented that the pubic adjuster agreed with the amount of the claims adjustment, a fact she vehemently denies.

5.4 While Defendants agree there is significant interior water damage covered by the policy, they underpaid same and have denied any roof benefits despite photo documentation and an estimate showing the damages and reasonable cost of repair.

5.5 JILL ASHWORTH AND JASON HODGE and those at their direction spent an inadequate amount of time at the subject property.  The scope of the damage on which coverage was afforded was unreasonably limited. It is evident from Defendants' estimates and payments that they failed to include many of Plaintiff's covered damages which would have been apparent upon proper inspection.  Despite obvious storm damage to various portions of the building, JILL ASHWORTH AND JASON HODGE improperly denied policy benefits by

minimizing scope and improperly denying damages caused by covered perils. Defendant JILL ASHWORTH AND JASON HODGE misrepresented to Plaintiff that such damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.

5.6 JILL ASHWORTH AND JASON HODGE misrepresented the policy provision in correspondence to the insured in order to misinform Plaintiff and reduce his understanding of his rights under the policy below what was actually covered by the policy.  As such, Defendants knowingly or recklessly made false representations, as described, as to material facts and/ or knowingly concealed all or part of material information from Plaintiff.

5.7 The Plaintiff's property sustained damages caused by the wind/hail peril, including damage to the roof, exterior, interior and business personal property.  Damages include the cost of construction, repairs, and restoration of the property, necessary to restore the property to pre-loss condition and up to applicable codes and building standards. These constituted covered damages under Plaintiff's commercial property insurance policy with the Defendant, HAMILTON SPECIALY INSURANCE COMPANY and ENGLE MARTIN & ASSOCIATES

5.8 This suit is brought pursuant to the law of good faith and fair dealing as well as under common law and Chapters 541 and 542 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. This suit is also brought for breach of contract, and for recovery under a policy of insurance. Plaintiff is a consumer of the Defendant, in that he purchased insurance from said entity and/or service to be provided by it. Said Defendant is

an "individual corporation, association, partnership, or other legal entity engaged in the business of insurance."  Such Defendant constitutes persons as that term is defined in Chapter 541.002 of the Texas Insurance Code.

## VI.  **BREACH OF CONTRACT**

6.1 Breach of Contract-Underpayment and Denial.  The subject building was damaged by a covered peril and a portion of the loss was accepted as covered by Defendant.  Defendants breached the contract by denying the roof claim and failing to pay the reasonable cost to repair the building as well as by taking excessive depreciation on the amounts paid.

6.2 The roof claim was denied based on the cause of loss despite Plaintiff providing evidence of covered damage.  The interior repairs on which Defendants accepted coverage were significantly under scoped and underpaid.  Significant additional repair costs are owed by Defendants and Plaintiff cannot make proper repairs until the claim is properly and fully paid.

6.3 As a proximate result of this breach, Plaintiff is left with a building in disrepair with worsening damage and has and is sustaining contractual as well as consequential damages. Plaintiff has also incurred attorney's fees and expenses as a direct result of Defendants' breach of contact.

6.4 As to any exclusion or endorsement relied upon by the Defendants, Plaintiff would show that such is void and does not form a portion of Plaintiff's insurance policy with Defendants, HAMILTON SPECIALY INSURANCE COMPANY and ENGLE MARTIN & ASSOCIATES.  The reason this is so includes, but is not limited to the following:

    (a)    there is no consideration for such exclusion;

(b)     such exclusion or exclusionary endorsement was not delivered with the policy, and hence is of no force and effect;

(c)     such exclusion violates Chapters 541 and 542 of the Texas Insurance Code, and it is void as against public policy;

(d)     such exclusion and its use in this case violates Chapter 541 and 542 of the Texas Insurance Code and is void as against public policy;

(e)     such exclusion violates Chapter 541 and 542 of the Texas Insurance Code and is unconscionable, and is void as against public policy;

(f)     such exclusion is adhesive;

(g)     any such exclusion is void as against public policy against creating a forfeiture, or ex post-facto penalty;

(h)     the attachment of such exclusion constitutes bad faith cancellation of a portion of the Plaintiff(s)' policy with Defendant(s). In particular, such cancellation of a portion of Plaintiff(s)' coverage was in violation of the policy contract's own terms and also in violation of Chapter 541 and 542 of the Texas Insurance Code of the Texas Insurance Code. Such exclusion should be declared void, and of no force and effect, and the policy should be reformed to so reflect;

(i)     the clear and unambiguous language of the policy provides coverage for dwelling damage caused by water, including the cost of access to fix any leaking plumbing, system, or appliance.

(j)     In the alternative, any other construction of the language of the policy is void as against public policy;

(k)     In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandates the construction and interpretation urged by Plaintiff(s);

(l)     In the alternative, Defendant(s) is/are judicially, administratively, or equitably estopped from denying Plaintiff(s)' construction of the policy coverage at issue;

(m)    In the alternative, to the extent that the wording of such policy does not reflect the

true intent of all parties thereto, Plaintiff(s) plead(s) the doctrine of mutual mistake requiring reformation.

(n)   Such exclusion or interpretation is void as against public policy and/or in violation of the Texas Insurance Code.

(o)   The clear and ambiguous language of the policy provides coverage for dwelling damage caused by accidental water leakage from a plumbing, heating, or air conditioning system or other appliance, including the cost of access to fix the leaking system, regardless of any other language or exclusion in the policy.

## VII.   INSURANCE CODE VIOLATIONS

7.1 HAMILTON SPECIALY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, JILL ASHWORTH AND JASON HODGE knew that a substantial covered loss was owed. Nonetheless, HAMILTON SPECIALY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, JILL ASHWORTH AND JASON HODGE denied, delayed, grossly underpaid, and/or failed to properly investigate some or all of Plaintiff's covered losses with no reasonable basis. HAMILTON SPECIALY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, JILL ASHWORTH AND JASON HODGE have failed to act promptly or to a good faith investigation. These acts constitute bad faith claim delay and/or denial and are violative of Chapters 541 and 542 of the Texas Insurance Code.

7.2 HAMILTON SPECIALY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, JILL ASHWORTH AND JASON HODGE violated Article Chapters 541 and 542 of the Texas Insurance Code, and is liable for the actual damages, statutory penalties and attorney's fees provided for therein. By improperly denying the roof claim and underpaying the remainder of the claim through unreasonably reducing the scope and cost

of repair, taking excessive depreciation and conducting an unreasonable investigation, Defendants violated the sections of the Texas Insurance Code listed below as well as the corresponding sections of the Texas Deceptive Trade Practices Act

7.2.1   Defendants violated applicable law by misrepresenting and/or failing to discuss with my clients pertinent facts or policy provisions relating to coverage as an issue, in violation of TEX. INS. CODE ANN. § 54l.060(a)(l).

7.2.2   Defendants violated applicable law by failing to acknowledge, with reasonable promptness, pertinent communications with respect to the claim arising under the policy, in violation of TEX. INS. CODE ANN. § 542.003(b)(2).

7.2.3   Defendants violated applicable law by failing to adopt reasonable standards for prompt investigation of the claim arising under the policy, in violation of TEX. INS. CODE ANN. § 542.003 (b)(3).

7.2.4   Defendants violated applicable law by not attempting in good faith to effectuate prompt, fair, and equitable settlement of the claim submitted in which liability has become reasonably clear, in violation of TEX. INS. CODE ANN. § 54 I .060(a)(2)(A).

7.2.5   Defendants violated applicable law by failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement, in violation of TEX. INS. CODE ANN. § 541.060(a)(3).

7.2.6    Defendants violated applicable law by failing to affirm or deny coverage of claim to a policyholder within a reasonable time after proof of loss statements have been completed, in violation of TEX. INS. CODE ANN. § 541.060(a)(4).

7.2.7    Defendants violated applicable law by refusing to pay the claims without conducting a reasonable investigation based upon all available information, in violation of TEX. INS. CODE ANN. § 541.060(a)(7).

7.2.8    Pursuant to Texas Insurance Code § 542.055, et seq., PLAINTIFF is entitled to penalties of eighteen percent (18%) per annum on the amount of the claim, as well as with prejudgment interest and reasonable attorney's fees.

7.2.9    Violation of the Texas Deceptive Trade Practices Act (DTPA). Defendants likewise violated the sections of the DTPA which correspond to the Texas Insurance Code Sections cited above.

## VIII.    BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

8.1 The denials, delays, underpayments and other acts set out above by HAMILTON SPECIALY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, JILL ASHWORTH AND JASON HODGE were in bad faith, and constitute breaches of the covenant of good faith and fair dealing, which breaches were a proximate cause of damages to the Plaintiff, more specifically set forth herein above. There was no reasonable basis for denying, delaying, or failing to pay or investigate Plaintiff's claims for damage, and HAMILTON SPECIALY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, JILL ASHWORTH AND JASON HODGE knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims.

11

8.2 Defendants conducted an outcome-oriented investigation with the intent of either denying or underpaying the claim. The conduct of Defendants, HAMILTON SPECIALY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, JILL ASHWORTH AND JASON HODGE was irresponsible, unconscionable, and took advantage of the Plaintiff's lack of sophistication in insurance matters to a grossly unfair degree. Furthermore, the conduct of Defendants HAMILTON SPECIALY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, JILL ASHWORTH AND JASON HODGE, violate the duty of good faith and fair dealing because they amount to one or more of the following:

8.2.1   not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear in violation of Chapter 542 of the Texas Insurance Code;

8.2.2   refusing to pay claims without conducting a reasonable investigation based upon all available information in violation of Chapter 541 of the Texas Insurance Code;

8.2.3   failing to handle or process the Plaintiff's claims in good faith; in violation of common law as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau,* 754 S.W.2d 129 at 135 (Tex. 1988);

8.2.4   committing a course of conduct that is unconscionable;

8.2.5   omitting any information or making any false implication or impression that was either misleading or deceptive or had the capacity to be misleading or deceptive in violation of Chapter 541 of the Texas Insurance Code;

12

8.2.6   refusing to fully pay a claim without a reasonable basis in violation of common
law;

8.2.7   delaying full payment of a claim without a reasonable basis in violation of common
law;

8.2.8   denying and/or delaying payment of a claim in full without determining whether
there is any reasonable basis to do so in violation of common law;

8.2.9   representing that goods or services have sponsorship, approval, characteristics,
ingredients, uses, benefits, or quantities which they do not have or that a person
has a sponsorship, approval, status, affiliation, or connection which they do not;

8.2.10  representing that goods or services are of a particular standard, quality, or grade,
or that goods are of a particular style or model, if they are of another;

8.2.11  representing than an agreement confers or involves rights, remedies, or obligations
which it does not have or involve, or which are prohibited by law;

8.2.12  failing to disclose information concerning goods or services which was known at the
time of the transaction if such failure to disclose such information was intended to
induce the consumer into a transaction into which the consumer would not have
entered had the information been disclosed; and

8.2.13  violations of Chapter 541 of the Texas Insurance Code, in that they misrepresented
the terms of the policy or other facts.

## IX.    DAMAGES

9.1  As a proximate result of all of such conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court. In addition, the conduct of HAMILTON SPECIALY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, JILL ASHWORTH AND JASON HODGE was committed knowingly, and under circumstances constituting willful and wanton and reckless disregard of the rights of the Plaintiff and others similarly situated. Such conduct of HAMILTON SPECIALY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, JILL ASHWORTH AND JASON HODGE were negligent and tortuous. The conduct of HAMILTON SPECIALY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, JILL ASHWORTH AND JASON HODGE constituted knowing misrepresentations of fact, or actionable fraud. The conduct of HAMILTON SPECIALY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, JILL ASHWORTH AND JASON HODGE proximately caused the injuries and damages to the Plaintiff for which he sues.

9.2 The conduct of HAMILTON SPECIALY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, JILL ASHWORTH AND JASON HODGE was knowing and therefore may be subject to liability for additional damages under the Texas Insurance Code, and/or the Texas Deceptive Trade Practices Act, Plaintiff and Plaintiff's attorney are also entitled to attorney's fees in connection with the bringing of this action for breach of contract or under relevant statute.  In the alternative, HAMILTON SPECIALY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES, JILL ASHWORTH AND JASON

HODGE conduct was malicious and fraudulent, and therefore, Plaintiff seeks punitive damages.

9.3 JRP International requests judgment awarding the following items of damages.

9.3.1   Total building repair costs in the amount of $740,926.85 less appropriate credits for prior payment and deductible.

9.3.2   Attorney's fees to be determined at trial.

9.3.3   Additional damages as provided by the DTPA and Texas Insurance Code.

9.3.4   Penalties and Interest as provide by Texas Insurance Code § 542.055, et seq

9.3.5   Punitive Damages to be determined at trial

## X.   **DEMAND FOR JURY**

10.1 Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein request a jury trial.

## XI.   **PRAYER**

11.1 WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request this Honorable Court that upon final hearing and trial hereof, this Honorable Court grant to the Plaintiff such relief as to which he may show himself justly entitled, either at law or in equity, either general or special, including judgment against the Defendants for actual damages, attorney's fees, costs of suit, statutory penalties, and prejudgment and post judgment interest, if allowed by law, and including judgment for additional damages and punitive damages under the facts set forth in this or any amended pleading.

11.1.1  Total building repair costs in the amount of $740,926.85 less appropriate credits for prior payment and deductible.

11.1.2  Attorney's fees to be determined at trial.

11.1.3  Additional damages as provided by the DTPA and Texas Insurance Code.

11.1.4  Penalties and Interest as provide by Texas Insurance Code § 542.055, et seq

11.1.5  Punitive Damages to be determined at trial

Respectfully submitted,

By:/s/ *Thomas M. Furlow*
THOMAS M. FURLOW
State Bar No. 00784093
FURLOW LAW FIRM, PLLC
1032 Central Parkway South
San Antonio Texas 78232
Telephone:(210) 910.4501
Telecopier:(210) 910.4513
Email: tfurlow@furlowlawfirm.com

ATTORNEY FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that in compliance with Rule 5 of the Federal Rules of Civil Procedure, a true and correct copy of the above and foregoing document has been e-filed with the Court using the CM/ECF system on November 6, 2017.  Notice of this filing will be sent to opposing counsel, by operation for the Court's electronic filing system and via e-mail:

Stephen R. Wedemeyer                                         Via Electronic Service
swedemeyer@winstead.com
Amapro Y. Guerra
ayguerra@winstead.com
WINSTEAD PC
1100 JP Morgan Chase Tower
600 Travis Street
Houston, Texas 77002
Phone: 713-650-8400
Fax: 713-650-2400


                                                                      */s/ Thomas M. Furlow*_____
                                                                      THOMAS M. FURLOW

## PLAINTIFF'S REQUESTS FOR DISCLOSURE TO DEFENDANT

Pursuant to Texas Rule of Civil Procedure 194, you are hereby requested to disclose, within fifty

(50) days of service of this request, the information or material described in Rule 194.2(a)-(k),

as described below:

> (a)     the correct names of the parties to the lawsuits;
> (b)     the name, address, and telephone number of any potential parties;
> (c)     the legal theories and, in general, the factual basis of Plaintiff's claims;
> (d)     the amount and any method of calculating economic damages;
> (e)     the name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;
> (f)     for any testifying expert:
>> (1)    the expert's name, address and telephone number;
>> (2)    the subject matter on which the expert will testify;
>> (3)    the general substance of the expert's mental impressions and opinions and a brief summary of the basis of them, or if the expert is not retained by, employed, or otherwise subject to the control of Plaintiff, documents reflecting such information;
>> (4)    if the expert is retained, employed by or otherwise subject to the control of Plaintiff:
>>> (A)   all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;
>>> (B)   the expert's current resume and bibliography;
> (g)     any indemnity or insuring agreements;
> (h)     any settlement agreements, described in Rule 192.3(g);
> (i)     any witness statements, described in Rule 192.3(h);
> (j)     all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;
> (k)     all medical records and bills obtained by the responding party by the responding party by virtue of an authorization furnished by the requesting party.

## I.

In accordance with Texas Rule of Civil Procedure 194.3, please serve written responses

within fifty (50) days after service of this request.

II.

In compliance with Rule 194.4 of the Texas Rules of Civil Procedure, please produce

responsive documents to the Furlow Law Firm, PLLC 1032 Central Parkway South, San

Antonio Texas 78232.

Respectfully submitted,

By:/s/ *Thomas M. Furlow*
THOMAS M. FURLOW
State Bar No. 00784093
FURLOW LAW FIRM, PLLC
1032 Central Parkway South
San Antonio Texas 78232
Telephone:(210) 910.4501
Telecopier:(210) 910.4513
Email: tfurlow@furlowlawfirm.com

ATTORNEY FOR PLAINTIFF

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that in compliance with Rule 5 of the Federal Rules of Civil Procedure, a true and correct copy of the above and foregoing document has been e-filed with the Court using the CM/ECF system on November 6, 2017.  Notice of this filing will be sent to opposing counsel, by operation for the Court's electronic filing system and via e-mail:

Stephen R. Wedemeyer                                   Via Electronic Service
swedemeyer@winstead.com
Amapro Y. Guerra
ayguerra@winstead.com
WINSTEAD PC
1100 JP Morgan Chase Tower
600 Travis Street
Houston, Texas 77002
Phone: 713-650-8400
Fax: 713-650-2400

*/s/ Thomas M. Furlow*
THOMAS M. FURLOW